United States District Court
Southern District of Texas
**ENTERED**
February 01, 2023
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:21-CV-00714 |
| | § | |
| | § | |
| ANNA LISA ROBLES AND | § | |
| CAROLYN GOMEZ | § | |
| Defendants. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case was tried in a bench trial before the Court. Defendants Carolyn Bell f/k/a Carolyn Gomez ("Bell") and Anna Lisa Robles ("Robles") appeared and were represented by counsel. The Court, having carefully considered the evidence admitted at trial, now makes the following findings of fact and conclusions of law. See FED. R. CIV. P. 52. Any conclusion of law more properly characterized as a finding of fact is adopted as such, and any finding of fact more properly characterized as a conclusion of law is adopted as such.

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.* and is brought by Plaintiff Metropolitan Life Insurance Company ("MetLife") as an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

2. John Robles was married to Ms. Bell. In 2012 Mr. Robles and Ms. Bell executed a mediated divorce settlement agreement and a Texas state court issued a Final Decree of Divorce ("Decree") terminating their marriage.

1

3.  Mr. Robles passed away July 14, 2020.  At the time of his death, he had in place a life insurance policy issued through MetLife ("Policy") which was an employer provided term life insurance policy.

4.  At the time of his death, Mr. Robles was married to Ms. Robles.

5.  The Decree, which was still in effect at the time of his death, required Mr. Robles to designate Ms. Bell as the beneficiary for the benefit of their two children on any employer provided term life policy. This obligation was to continue for as long as Mr. Robles was ordered to pay child support under the Decree. At the time of his death, Mr. Robles was still obligated to continue paying child support to Ms. Bell.

6.  The Decree was a Qualified Domestic Relations Order under ERISA pursuant to 29 U.S.C. § 1056(d)(3)(C).  Specifically,

    a. The Decree adequately identified the names of the parties to the decree and their mailing addresses by providing addresses of the parties' counsel.

    b.  The Decree identified the amount or percentage of the participant's benefits to be paid to Ms. Bell by the plan as it states that Ms. Bell is to be the sole beneficiary, for the benefit of her two children of the employer provided term life insurance policy.

    c.  The Decree identified the ERISA plan to which is applies as it specifically refers to the employer provided term life insurance policy which is the exact type of policy issued by Met Life to Mr. Robles.

*Metro. Life Ins. Co. v. Bigelow*, 283 F.3d 436, 443 (2d Cir. 2002).  *Metro. Life Ins. Co. v. Cronenwett*, 162 F. Supp. 2d 889, 896 (S.D. Ohio 2001).  *Metro. Life Ins. Co. v. Valdepena*, 2006 U.S. Dist. LEXIS 8010, at *3 (W.D. Tex. 2006).

7.  Less than a month before he died, Mr. Robles submitted a change of beneficiary to MetLife, removing Ms. Bell as the beneficiary of the Policy and designating Ms.

Robles in Ms. Bell's place.

8. This change of beneficiary violated the express language of the Decree. The Decree imposed on Mr. Robles an obligation to maintain Ms. Bell as the beneficiary on employer provided life insurance policies that he could not unilaterally alter. *See Etcheverry v. Lankford*, 2018 Tex. App. LEXIS 10370, at *7 (Tex. App.—Austin Dec. 18, 2018). Texas courts have recognized that a divorce decree entered pursuant to an agreement between the parties is not only a contract between private individuals but also a judgment of the court. *See Ex parte Gorena*, 595 S.W.2d 841, 844 (Tex. 1979). Language in a divorce decree is construed in the same manner as other judgments of courts. *See Hagen v. Hagen*, 282 S.W.3d 899, 901 (Tex. 2009) (citing *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003)).

9. Because the Decree is a Qualified Domestic Relations Order under ERISA, the change of beneficiary designation was invalid and void.

10. The Decree is a Qualified Domestic Relations Order under ERISA, as such the alleged change of beneficiary submitted by Mr. Robles was not preempted by ERISA. *Carland v. Metro. Life Ins. Co.*, 935 F.2d 1114, 1120 (10th Cir. 1991) ("Taken together, sections 1144(b)(7) and 1056(d)(3)(B)(i) of the statute exempt divorce decrees meeting the statutory requirements from ERISA preemption.").

11. Ms. Bell is the sole beneficiary designated in the Policy and is entitled to receive the life insurance benefits at issue in this interpleader action for the benefit of the children that she shared with Mr. Robles.

SIGNED at Houston, Texas on February 1, 2023.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE